**Pernie McCAULEY, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 71-853-S.**

United States District Court,
N. D. Alabama, S. D.

May 30, 1972.

Johnston & Shores, Birmingham, Ala., for plaintiff.

Wayman G. Sherrer, U. S. Atty., Northern District of Alabama, Birmingham, Ala., for defendant.

MEMORANDUM OPINION

ALLGOOD, District Judge.

The plaintiff, Pernie McCauley, brings this action pursuant to the provisions of Section 205(g) of the Social Se-

curity Act, as amended, 42 U.S.C. § 405(g), to have this court review a final adverse decision of the Secretary of Health, Education and Welfare, denying her application for the establishment of a period of disability under Section 216(i) of the Act, 42 U.S.C. § 416(i), and for disability insurance benefits as provided by Section 223 of the Act, 42 U.S.C. § 423.

The plaintiff filed an application for a period of disability and for disability insurance benefits on September 9, 1970, alleging that she became unable to work in February, 1969, at age 43, due to back trouble. The application was denied initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration on the ground that plaintiff had failed to show that she was disabled as prescribed by the Act. Dissatisfied with this decision, the plaintiff requested and was granted a hearing by a hearing examiner of the Social Security Administration, Bureau of Hearings and Appeals. The hearing examiner, before whom the plaintiff, her counsel, a vocational and other witnesses appeared, considered the case *de novo*, and on May 7, 1971, found that the plaintiff was not under a disability. The hearing examiner's decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on August 12, 1971.

After careful review of the entire record, the court is of the opinion that the decision of the Secretary is supported by substantial evidence. The plaintiff last met the special insured status requirements of the Act on September 30, 1970. Therefore, plaintiff was required to establish that disability began on or before that date. While plaintiff and several witnesses testified that plaintiff suffers extreme pain associated with her back ailment, a determination of the credibility of such testimony is for the Secretary, rather than this court. Where, as here, the available medical evidence does not substantiate the degree of pain complained of, the Secretary is supported by substantial evidence in his decision that the plaintiff was not disabled within the meaning of the Act during the relevant time period. Accordingly, that decision must be affirmed. An appropriate order will be entered.